UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| AMY SUTCLIFF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO.  1:05cv425 |
| ) | |
| JOHN E.  POTTER, Postmaster General, ) | |
| United States Postal Service, ) | |
| ) | |
| Defendant. ) | |

OPINION AND ORDER

This matter is before the court on a "Motion to Dismiss for Lack of Subject Matter Jurisdiction, Jurisdiction Over the Person, and for Improper Service of Process", filed by the defendant, John E.  Potter, Postmaster General ("Potter"), on February 1, 2006.  The plaintiff, Amy Sutcliff ("Sutcliff"), filed her response on February 15, 2006, to which Potter replied on February 21, 2006.

For the following reasons, the motion to dismiss will be granted.

Discussion

Sutcliff initiated this Title VII action against John E.  "Porter" in the Allen Superior Court on or about December 8, 2005. Potter timely removed the action to the United States District Court, Northern District of Indiana, Fort Wayne Division, on December 21, 2005, and amended the caption to read "John E.  Potter".

Potter has moved this Court to dismiss this suit because, under the derivative jurisdiction doctrine applicable to removal under 28 U.S.C. § 1442, subject matter jurisdiction is lacking. Potter argues that subject matter jurisdiction is absent in this Court because the state court lacked subject matter jurisdiction since plaintiff failed to "file" this suit within the statute of limitations

applicable to Title VII suits against a federal employer.[1]

The doctrine of derivative jurisdiction provides that "where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in federal court it would have had jurisdiction". State of Minnesota v. United States, 305 U.S. 382, 389 (1939); Arizona v. Manypenny, 451 U.S. 232, 242 N.17 (1981); Edwards v. U. S. Dept. of Justice, 43 F.3d 312, 316 (7th Cir. 1994). The doctrine applies to cases removed to federal court under 28 U.S.C. § 1442. See, e.g. Edwards v. U. S. Dept. of Justice, 43 F.3d 312, 316 (7th Cir. 1994). The state court's lack of jurisdiction flows from plaintiff's failure to have "filed" the instant action timely in state court, because counsel failed to timely comply with the provisions of 39 U.S.C. § 409(b) and Rule 4(I) of the Fed. R. Civ. P. which govern proper service of process on the USPS.

Title VII is the exclusive remedy for discrimination suits against federal agencies by federal employees. 42 U.S.C. § 200e-16 (c). Specifically, 42 U.S.C. 2000e-16(c) allows a federal employee to file a discrimination suit "as provided in section 2000e-5 of this Title". 42 U.S.C. § 2000e-16(c).  Further, 42 U.S.C. § 2000e-5 confers jurisdiction for such suits in the district courts. 42 U.S.C. § 2000e-5(f)(3). In this case, Sutcliff initiated her suit against Potter in state court. With regard to service, federal law obligated Sutcliff to serve the entities outlined in Rule 4 (I) of the Fed. R. Civ. P., even if she sued in state court. 39 U.S.C. § 409(b); See Finch v. Small Business Administration of Richmond, Va., 112 S.E.2d 737 (N.C. 1960); United States v. McNeil, 661 F.Supp. 28 (E.D. KY 1987); United States v. Rockland Trust Company, 860

---

[1] Potter also asserts that this case is subject to dismissal for lack of jurisdiction over the person and improper service of process.

F.Supp. 895, 897 n.3 (D. Mass.1994). Title 39 U.S.C. § 409(b) defines the "necessary" parties to be served when suing the Postal Service and provides as follows:

> (b) Unless otherwise provided in this title, the provisions of title 28 relating to service of process, venue, and limitations of time for bringing action in suits in which the United States, its officers, or employees are parties, and rules of procedure adopted under title 28 for suits in which the United States, its officers, or employees are parties, shall apply in like manner to suits in which the Postal Service, it officers, or employees are parties. 39 U.S.C. § 409(b).

Further, under state law Sutcliff's complaint is not deemed "filed" until she complies with these service requirements. See Ray-Hayes v. Heinamann, 760 N.E.2d 172, 174 (2002)(Complaint is not deemed filed until all necessary summonses have been tendered to the clerk).

Pursuant to Rule 4(I) of the Fed. R. Civ. P., in order to effectively serve the United States and its agencies, plaintiff must serve the United States Attorney for the district in which the action is brought (or Assistant United States Attorney, clerk, or service process clerk designated by the US Attorney), the Attorney General of the United States, and the agency. The state court records indicate that the plaintiff tendered to the state court clerk three summonses for postal employees only, and served only them. Neither the United States Attorney, nor the Attorney General was served as required by Rule 4(I).

Potter acknowledges that 28 U.S.C. § 1448 provides that after removal, incomplete or defective process may be completed or corrected by re-issuance. However, as Potter argues, the issue is not whether this court can now correct defective service, but whether it can confer jurisdiction on a state court that had none. In this case it cannot, because prior to removal, the case was deemed "dead" under state law before it was removed, and it cannot now be resurrected by the removal and 28 U.S.C. § 1448. Morton v. Meagher, 171 F.Supp.2d 611, 615 (E.D.Va.

3

2001); <u>Witherow v. Firestone Tire and Rubber Co.</u>, 530 F.2d 160 (3rd. Cir. 1976); In determining whether an action is viable, prior to removal, state law must be applied. <u>Morton</u> at 615; <u>Witherow</u> at 168; <u>See</u> <u>Romo v. Gulf Stream Coach, Inc.</u>, 250 F.3d 1119 (7th Cir. 2001); <u>Oiler v. Biomet Orthopedics</u>, 2003 WL 22228574 (E.D. La. 2003).

Indiana law for commencement of an action where service of process is needed, requires that the "necessary" summonses be furnished to the clerk at the time the complaint is filed. Rule 3 of the Indiana Rules of Court, Rules of Trial Procedure. Further, under Indiana law, a civil action is not deemed commenced, even if plaintiff files her complaint within the applicable statue of limitations, unless all "necessary" summonses are tendered to the clerk within the statute of limitations for the action. Rule 3; <u>Ray-Hayes v. Heinamann</u>, 760 N.E.2d 172, 174 (2002); <u>Fort Wayne Intern.Airport v. Wilburn</u>, 723 N.E.2d 967 (2000). The applicable period of time for plaintiff to commence her Title VII actions in court is found at 42 U.S.C. § 2000e-16(c), which provides that the action be commenced in court within ninety (90) days after receiving the notice of Final Agency Decision.

Sutcliff received her Final Agency Decision on or about August 8, 2005.  (Complaint ¶ 6, Exhibit B).  Sutcliff's notice told her to file her action in district court within ninety (90) days. (Exhibits C and D). Instead, Sutcliff chose to file her action in state court. Because Sutcliff attempted to commence her action against Potter in state court, the "necessary" summonses were defined by 39 U.S.C. § 409(b), and not state procedural rules. However, on the date she filed her complaint, November 1, 2005, Sutcliff tendered summonses only for postal employees. Court records show that Sutcliff did not tender "necessary" summonses for the United States Attorney or the Attorney General as required by Rule 4(I) of the Fed. R. Civ. P. and 39 U.S.C. § 409. The

ninety (90) day period for Sutcliff to file her civil action expired on or about November 8, 2005. This case was removed by Potter on December 21, 2005, after Sutcliff's ninety (90) day period for bringing her Title VII action expired.  Because Sutcliff's Title VII action was never considered "commenced" in state court, and could never have been deemed "commenced" after the ninety (90) day period expired, it would have been dismissed by the state court.  Rule 3 of the Indiana Rules of Trial Procedure; Ray-Hayes v. Heinamann, 760 N.E.2d 172, 174 (2002). Thus, Sutcliff's Title VII action was "dead" in state court before it was removed.  See Morton v. Meagher, 171 F. Supp.2d 611, 615 (E.D.Va. 2001)(a case is "dead" in state court if service is not effected within the time frame prescribed by statute).

Because this court does not have subject matter jurisdiction over this action, this court has no authority to allow Sutcliff to cure an ineffective service of process.  State of Minnesota v. United States, 305 U.S. 382, 389 (1939); Edwards v. United States Department of Justice, 43 F.3d 312, 316 (7th Cir. 1994); Morton at 611. As such, this case must be dismissed.  Marshall v. Warwick, 155 F.3d 1027, 1033 (8th Cir. 1998); Morton at 615.

Conclusion

On the basis of the foregoing, Potter's motion to dismiss is hereby GRANTED.

Entered: March 21, 2006.

s/ William C. Lee<br>William C. Lee, Judge<br>United States District Court

5